UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN IRVING WEISSMAN,<br><br>Plaintiff,<br><br>v.<br><br>KEN CLARK,<br><br>Defendant. | Case No. 22-cv-04005-WHO<br><br>**REVISED CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 21 |

On December 21, 2023, this court issued an order denying Steven Weissman's petition for federal habeas relief from his state conviction on five separate counts for lewd acts on minors and aggravated sexual assault of a minor. Dkt. No. 21. A certificate of appealability ("COA") was issued as part of the order; Weissman appealed. The COA, however, did not identify the specific issues that were suitable for appeal. *See id*; *see also* 28 U.S.C. § 2253(c). The Ninth Circuit remanded the case for the limited purpose of issuing a modified COA specifying the issues that meet the required showing. Dkt. No. 25. This order provides that specification.

The COA is issued for each of Weissman's claims because reasonable jurists could "find the district court's assessment of [these] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In accordance with *Slack*, the COA issues for his prosecutorial misconduct claims, which allege that the prosecutor committed misconduct by: (i) failing to correct prosecution witness R.A.'s known false testimony, (ii) improperly debriefing an excused juror before the prosecutor's closing argument at trial; (iii) failing to disclose gifts to a witness in violation of *Brady*; and (iv) vouching for evidence and violating the witness-advocate rule. To the extent that Weissman asserts ineffective assistance of counsel for points (iii) and (iv), he may also appeal those claims for the same reason.

1   For the same reason, the COA issues concerning Weissman's independent claims for
2  ineffective assistance of counsel that allege that his defense counsel was ineffective in failing to
3  object to improper references to his sexual orientation during trial and failing to investigate
4  records of prosecution witness T.B.'s arrest.  Finally, the COA issues on Weissman's claim that
5  the trial court's failure to instruct the jury on the proper elements of multiple victim enhancements
6  was structural error and for his prejudicial cumulative error claim.

**IT IS SO ORDERED.**

Dated: March 4, 2024



William H. Orrick
United States District Judge